IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANN R.,<br><br>              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>              Defendant. | 8:21CV29<br><br>MEMORANDUM<br>AND ORDER |

Before the Court is plaintiff Ann R.'s Motion for Relief from Order and Judgment (Filing No. 29) under Federal Rule of Civil Procedure 60(b). Ann R. seeks relief from the Court's February 10, 2022, Memorandum and Order (Filing No. 27) and Judgment (Filing No. 28) affirming the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"). The Commissioner opposes Ann R.'s motion (Filing No. 30). For the following reasons, Ann R.'s motion is denied.

I.     BACKGROUND

For a more detailed discussion of the background facts in this case, see the Court's Memorandum and Order affirming the Commissioner's decision (Filing No. 27). The following is an abridged version.

Ann R. was born in 1960. She previously worked as a parts runner, home-health aide, teacher aide, security guard, and fire watch. On August 14, 2018, Ann R. applied for disability benefits through the Social Security Administration ("SSA") because of depression, anxiety, degenerative-disk disease, neck and back pain, and a stroke. She was later hospitalized for psychosis and suicidal thoughts and then diagnosed with schizophrenia on October 21, 2019. She takes medication to manage her symptoms, including an injectable psychiatric medication.

The SSA denied Ann R.'s disability claim initially and upon reconsideration. Ann R. then requested a hearing with an administrative law judge ("ALJ"), which was held on June 24, 2020. At the hearing, Ann R. testified that her "mental issues" are the main condition preventing her from working, although she also has pain in her neck and back. Several weeks after the hearing, the ALJ denied her claim.

Ann R. appealed to the Appeals Council, which denied review. She then sought review in this Court. The Court affirmed the Commissioner's decision (Filing Nos. 27 and 28) on February 10, 2022.

In this motion, Ann R. raises for the first time the issue of the legitimacy of her ALJ's appointment, a stance that has divided district courts in the Eighth Circuit.[1] Ann R. asks the Court to "set aside [its] judgment and grant relief pursuant to the reasoned *Brian T.D. v. Kijakazi*[, 580 F. Supp. 3d 615 (D. Minn. 2022),] and *Richard J.M. v. Kijakazi*[, No. 19-CV-827, 2022 WL 959914 (D. Minn. Mar. 30, 2022),] cases, as suggested by a recent order from the District of Minnesota." She seeks relief from judgment under Rule 60(b)(6), or in the alternative, Rule 60(b)(1).

## II. DISCUSSION
### A. Legal Standard

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Under one such circumstance, Rule 60(b)(1) permits the Court to "grant

---

[1]Most judges in the Eighth Circuit who have addressed the issue determined the ALJs in question were properly appointed. *See, e.g., Sidney M. v. Kijakazi*, No. C21-2034-LTS, 2022 WL 4482859, at *18 (N.D. Iowa Sept. 26, 2022); *Jamie K. v. Kijakazi*, No. 8:21-CV-373, 2022 WL 3577013, at *15 (D. Neb. Aug. 19, 2022); *Siedlik v. Kijakazi*, No. 1:21-CV-3 RP-SHL, 2022 WL 794692, at *19 (S.D. Iowa Mar. 7, 2022). Judges in the District of Minnesota have held otherwise. *See, e.g., Richard J. M. v. Kijakazi*, No. 19-CV-827, 2022 WL 959914, at *10 (D. Minn. Mar. 30, 2022), *appeal docketed*, No. 22-2127 (8th Cir. May 27, 2022); *Brian T. D. v. Kijakazi*, 580 F. Supp. 3d 615, 632 (D. Minn. 2022), *appeal docketed*, No. 22-1601 (8th Cir. March 22, 2022).

relief from a judgment entered because of a party's excusable neglect." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007). To determine whether neglect is excusable, courts consider "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 368 (8th Cir. 2018) (quoting *In re Guidant Corp.*, 496 F.3d at 866).

Rule 60(b)(6) is a catch-all provision permitting a court "to relieve a party from the obligations of a final judgment, order, or proceeding . . . for 'any other reason that justifies relief.'" *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013) (quoting Fed. R. Civ. P. 60(b)(6)). Relief under Rule 60(b)(6) is "exceedingly rare" since it "requires an 'intrusion into the sanctity of a final judgment.'" *In re Guidant Corp.*, 496 F.3d at 868 (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)).

The movant must show "extraordinary circumstances" for a Court to grant Rule 60(b)(6) relief. *Id*. "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors," including "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). "'[A] good claim or defense' is a precondition of Rule 60(b)(6) relief." *Id.* (quoting *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 780 (2017)).

### B. Ann R.'s Request for Relief

Ann R.'s motion centers on a dispute over the interpretation of the Federal Vacancy Reform Act ("FVRA"), 5 U.S.C. § 3345 *et seq*. Ann R. argues Nancy A. Berryhill ("Berryhill") was not properly serving as the Acting Commissioner of SSA under the FVRA when she ratified the appointment of all ALJs, making the ratifications ineffective.

3

She claims the ALJ who issued her decision was therefore improperly appointed. Ann R. requests "an Order reversing the Commissioner's [d]ecision" and remand of her claim "for a new hearing with a new constitutionally appointed ALJ."

Based on recent decisions from the District of Minnesota finding the ALJs in question were improperly appointed, Ann R. asks the Court to "exercise its discretion relieve [her] from this Court's Order and Judgment" pursuant to Rules 60(b)(1) and (6). The Court finds Ann R. fails to show either excusable neglect under Rule 60(b)(1) or extraordinary circumstances warranting relief under Rule 60(b)(6).

As the Commissioner points out, the District of Minnesota issued its decision in *Brian T.D.* on January 20, 2022, "three weeks before this Court entered judgment" in Ann R.'s case. Importantly, Ann R.'s "counsel was also counsel of record in *Brian T.D.*" and thus clearly knew about—and had previously briefed—the ALJ-appointment argument. Ann R. and could have raised that issue at any point prior to this Court's decision but failed to do so. She provides the Court no reason for that omission and has waived the argument. *See United States v. Greene*, 513 F.3d 904, 906 (8th Cir. 2008) ("This Court routinely enforces the doctrine of waiver and declines to address arguments a party fails to raise in its opening brief.")

Additionally, this Court has already considered the validity of Berryhill's Acting Commissioner service and the appointment of the ALJs under the FVRA. *See Raymond N. v. Kijakazi,* No. 8:21CV429, 2022 WL 16578854, at *7 (D. Neb. Nov. 1, 2022). In that case, the Court held that the FVRA has a "spring-back" provision, making Berryhill's ratification of the ALJ appointments effective and the claimant's ALJ properly appointed. *Id.* at *10. The Court reaches the same conclusion here.

Ann R. has failed to demonstrate "excusable neglect" or "extraordinary circumstances" warranting relief. Her motion is therefore denied.

IT IS SO ORDERED.

4


Dated this 8th day of November 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge